UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JUAN HERNANDEZ,

                      Plaintiff,                      24-CV-07358 (JAV)

      -v-                                            MEMORANDUM
                                            OPINION AND ORDER
LIBERTY ONE BRONX LLC, et al.,

                      Defendants.
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On March 3, 2025, Defendant 922 Southern LLC ("922 Southern") filed a motion to dismiss the Complaint or, in the alternative, a motion for summary judgment. (ECF No. 27). On that same day, 922 Southern also filed a motion for sanctions pursuant to Rule 11. (ECF No. 32). On April 1, 2025, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (ECF No. 39). Defendant 922 Southern opposed the dismissal without prejudice under Rule 41(a)(1)(A)(i), arguing that because it filed a motion for summary judgment, this provision is inapplicable. (ECF No. 41). Defendant 922 Southern requests that any dismissal should be with prejudice. Plaintiff contends that the primary relief sought by 922 Southern was dismissal pursuant to Rule 12(b)(6), and thus the claim can still be voluntarily dismissed. Alternatively, Plaintiff requests that the Court order dismissal without prejudice pursuant to Rule 41(a)(2).

Federal Rule of Civil Procedure Rule 41(a)(1)(A)(i) provides that a plaintiff can file for voluntary dismissal of his complaint "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). A motion to dismissal alone does not terminate the right of dismissal by notice. *Horton v. Trans World Airlines Corp.*, 169 F.R.D. 11, 15 (E.D.N.Y. 1996). But a motion for summary judgment does terminate the Plaintiff's right to dismiss the action unilaterally, including the filing of a motion for summary judgment in the alternative. *See Robinson v. England*, 216 F.R.D. 17, 18 (D.D.C. 2003).

Accordingly, any dismissal of this case must be through Rule 41(a)(2), which permits dismissal "at the plaintiff's request only by court order, on terms that the court considers proper." When assessing whether to order dismissal without prejudice pursuant to Rule 41(a)(2), the Second Circuit has highlighted two lines of authority that govern:

> One line indicates that such a dismissal would be improper if "the [party against whom the claim is asserted] would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947). Another line indicates that the test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors, including (1) the . . . diligence [of the party asserting the claim] in bringing the motion, (2) any undue vexatiousness on [that party's] part, (3) the extent to which the suit has progressed, including the . . . efforts and expense [of the party defending the claim] in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the . . . explanation [of the party bringing the claim] for the need to dismiss."

*Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006) (cleaned up) (quoting *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir. 1990)).

Dismissal would not result in "plain legal prejudice other than the mere prospect of a second lawsuit." *Cone*, 330 U.S. at 217.  So the Court applies the *Zagano* factors.  The Court assesses that an unconditional dismissal without prejudice would be unduly prejudicial to 922 Southern.  Although this case has not progressed through discovery, Defendant has already gone through the expense of compiling the evidence necessary for a summary judgment motion that, if successful, would result in a judgment in its favor on the merits.  Requiring 922 Southern to potentially duplicate these efforts at a later date, if this case were to be refiled, constitutes prejudice within the meaning of the *Zagano* factors.  *See D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 284 (2d Cir. 1996) ("[The district court's] statement that the expense to the defendant of having to defend again in the state court 'is also not prejudice' is incorrect, to the extent that expense is a relevant factor in determining prejudice which must be considered together with the other *Zagano* factors.").  Moreover, Plaintiff has not provided a reason why dismissal without prejudice would be appropriate, instead of resolving the merits of Defendant's statute of limitations defense.  Based on the sequence of events, it suggests that Plaintiff is seeking voluntary dismissal to avoid a binding decision on the merits.  *Galasso v. Eisman, Zucker, Klein & Ruttenberg*, 310 F. Supp. 2d 569, 572 (S.D.N.Y. 2004) ("But a party should not be permitted to avoid the prospect of an adverse decision on a dispositive motion by dismissing a claim without prejudice.").

The Court also considers whether the prejudice to 922 Southern can be addressed other than through a with prejudice dismissal.  "Fee awards are often made when a plaintiff dismisses a suit without prejudice under Rule 41(a)(2)." *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985).  "The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." *Id.*

Accordingly, the Court will grant the motion to dismiss the case without prejudice pursuant to Rule 41(a)(2), but only with an award of attorney's fees and costs to Defendant 922 Southern associated with filing its motion to dismiss and for summary judgment.  Alternatively, the Court will dismiss the case with prejudice, and without the imposition of fees and costs, or Plaintiff can withdraw his motion to dismiss pursuant to Rule 41(a)(2), and the Court will adjudicate the merits of the pending motion to dismiss.  *See Paysys Int'l, Inc. v. Atos IT Serv. Ltd.*, 901 F3d 105, 109 (2d Cir. 2018) (holding that plaintiff must be given option of voluntarily accepting terms and conditions placed by district court on dismissal pursuant to Rule 41(a)(2)); *Simon J. Burchett Photography, Inc. v. A.P. Moller Maersk A/S*, No. 19 CIV. 1576 (KPF), 2020 WL 1285511, at *2 (S.D.N.Y. Mar. 17, 2020) ("It is Plaintiff, rather than the court, who has the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits." (cleaned up)).

## CONCLUSION

The Notice of Voluntary Dismissal Without Prejudice filed pursuant to Rule 41(a)(1)(A)(i) (ECF No. 39) is deemed to be without effect.  Plaintiff shall file a letter with the Court by no later than **May 19, 2025,** setting forth Plaintiff's position as to how he wants to proceed with respect to his request for dismissal pursuant to Rule 41(a)(2).

SO ORDERED.

Dated:  May 15, 2025
        New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge