UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                          :
JUAN HERNANDEZ,                      :
                                          :
                       Plaintiff,                :          24-CV-7358 (JAV)
                                          :
            -v-                               :          <u>ORDER</u>
                                          :
LIBERTY ONE BRONX LLC and 922 SOUTHERN    :
LLC,                                            :
                                          :
                    Defendants.              :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      On May 20, 2025, the Court entered an order dismissing Plaintiff's claims against Defendant 922 Southern LLC ("922 Southern") with prejudice pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure. ECF No. 63. Plaintiff filed a notice of appeal from that order, as well as from the Court's Memorandum Opinion and Order of May 15, 2025. ECF No. 64.

      The Court has since been notified by the parties that, as part of the Second Circuit CAMP process, the parties have reached a settlement in this case. ECF No. 73. Court approval of any settlement of Fair Labor Standards Act ("FLSA") claims that Plaintiff reached with 922 Southern. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (identifying factors a court may consider in evaluating the fairness and reasonableness of a proposed FLSA settlement and the reasonableness of a proposed attorney's fee award). However, because an appeal has been filed in this matter, the Court lacks jurisdiction to enter an order approving the settlement agreement.

Accordingly, the Court is prepared to issue an indicative ruling, pursuant to Rule 62.1, as to whether it would approve the settlement agreement should this matter be remanded by the Second Circuit for consideration of the motion to approve the settlement agreement.

It is hereby ORDERED that, on or before **September 26, 2025,** Plaintiff and 922 Southern must submit the settlement agreement to the Court along with a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky*. *See Wolinsky*, 900 F. Supp. 2d at 335-36. The letter should also address, if applicable, any incentive payments to the plaintiff and any attorney's fee award to plaintiff's counsel (with documentation to support the latter, if appropriate).

In addition, the parties are advised that the Court will not approve any settlement agreement containing any of the following provisions:

- a confidentiality provision, unless the parties can show that there are reasons, specific to the case, sufficient to overcome the common law right of access to judicial documents. *See id.* at 337-41 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases); *see also Sanz v. Johny Utah 51 LLC*, No. 14-CV-4380 (JMF), 2015 WL 1808935, at *2 (S.D.N.Y. Apr. 20, 2015);

- a release or waiver provision that releases or waives claims that have not accrued or claims unrelated to wage-and-hour matters, unless the parties can show that there are reasons, specific to this case, justifying such a broad release. *See, e.g., Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015); or

- a clause that bars a plaintiff from making negative statements about a defendant unless it includes a carve-out for truthful statements about a plaintiff's experience in litigating his case, or unless the parties can show that there are reasons, specific to this case, justifying a non-disparagement clause without such a carve-out. *See, e.g., Zapata v. Bedoya*, No. 14-CV-4114, 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016).

In the event that the settlement agreement does contain any of these provisions, the parties' joint letter should also indicate whether the parties want the Court, in the alternative, to consider for approval the settlement agreement with the provision(s) stricken (in which case, the

Court would, absent good cause, docket both the parties' joint letter and the settlement agreement itself — notwithstanding any confidentiality provision). *Cf. Fisher v. SD Protection Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (holding that a district court may approve or reject a settlement of FLSA claims, but may not modify the agreement itself).

    SO ORDERED.

Dated: September 15, 2025
       New York, New York

                                                    JEANNETTE A. VARGAS
                                                    United States District Judge