UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JUAN HERNANDEZ,                                                         :
                                                                        :
                                Plaintiff,      :      24-CV-07358 (JAV)
                                                                        :
                  -v-                                 :      <u>INDICATIVE RULING</u>
                                                                        :      <u>PURSUANT TO RULE</u>
LIBERTY ONE BRONX LLC, et al.,                                          :      <u>62.1</u>
                                                                        :
                                Defendants.     :
                                                                        :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

       Plaintiff Juan Hernandez and Defendant 922 Southern LLC advised the Court on August 29, 2025, that they had agreed to a settlement of this action, which was brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*,. *See* ECF No. 67. The settlement terms were agreed to in principle after the parties engaged in the Second Circuit's mediation and settlement program. *See* ECF No. 67.

       By Order entered September 15, 2025, ECF No. 74, the Court directed the parties to submit a joint letter explaining the basis for the proposed settlement and why it should be approved, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). Plaintiff submitted a motion on September 15, 2025, requesting that the Court approve the settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

       Because this matter is currently on appeal to the Second Circuit, the district court no longer has jurisdiction to grant relief. The Court can, however, provide an indicative ruling on a motion for relief that is barred by a pending relief pursuant to Rule 62.1 of the Federal Rules of Civil Procedure. The Court holds, under Rule 62.1, that if the Second Circuit remands this matter to the district court for the purpose of approving the proposed settlement, the Court would enter an order approving the settlement agreement as set forth below.

       The Court, having reviewed the motion, dated September 15, 2025, ECF No. 75, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiff's individual claim as well as the risks and expenses involved in additional litigation. *See Wolinsky*, 900 F. Supp. 2d at 335-36. Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at 335 (citation omitted), these concerns are not as relevant when the plaintiff no longer works for the defendant, as is the case here, *see, e.g.*, *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (fact that plaintiffs are "no longer employees of

the defendants . . . reduc[es] the danger that the release was obtained through improper job-related pressure"). Moreover, the settlement does not contain any provision that requires the Plaintiff to release or waive claims that have not accrued.

The settlement approval would be subject to the following condition: Any modification of the settlement agreement must be approved by the Court, regardless of any provision in the agreement that purports to allow the parties alone to modify it.

In addition, Plaintiff seeks approval of $600.00 in attorney's fees, which is 1/3 of the settlement payment. *See* ECF No 75. Although the proposed award of attorney's fees is high relative to the size of the Plaintiff's claim and recovery, the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and her attorney. *See Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 377 n.3 (E.D.N.Y. 2013) ("Unless there is a basis to presume conflict and antagonism between the plaintiff and his attorney — i.e., that the plaintiff's attorney is receiving a larger fee at the expense of his client's wage claim . . . then the basis upon which the attorney's fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation."). Additionally, courts in this Circuit typically approve attorneys' fees that range between 30% and 33%. *See Guzman v. Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g.*, *Silverstein v. AllianceBernstein LP*, No. 09-CV-5904 (JPO), 2013 WL 7122612, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013). In line with that precedent, attorney's fees in the amount of one-third of the recovery is appropriate here.

Accordingly, were the Second Circuit to remand this matter, the Court would approve the settlement subject to the conditions set forth above. The parties must promptly notify the Second Circuit Clerk of Court under Federal Rule of Appellate Procedure 12.1 of this decision. *See* Fed. R. Civ. P. 62.1(b).

SO ORDERED.

Dated: September 19, 2025
New York, New York

　　　　　　　　　　　　　　　　　　／s／ Jeannette Vargas
　　　　　　　　　　　　　　　　　　JEANNETTE A. VARGAS
　　　　　　　　　　　　　　　　　　United States District Judge